305 So.2d 742 (1974)
Julius L. RILEY
v.
AVONDALE SHIPYARDS.
No. 6519.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1974.
Rehearing Denied January 14, 1975.
David Gertler, New Orleans, for plaintiff-appellee.
Claude D. Vasser, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellant.
Before REDMANN, LEMMON and STOULIG, JJ.
REDMANN, Judge.
Appealing from a judgment for workmen's compensation benefits for total and permanent disability from occupational disease, *743 La.R.S. 23:1031.1, defendant employer argues, first, that the disputed mild silicosis is not the cause of plaintiff employee's disability and, second, that plaintiff's claim insofar as based on the inhalation of detergent solution is barred by the four months of R.S. 23:1031.1, subd. D.
We disagree that the claim for disability from detergent inhalation is untimely. Under § 1031.1, subd. D, the claim is barred "unless the employee files a claim with his employer within four months. . . . Notice filed with the compensation insurer . . . shall constitute a claim as required herein." This suit was not filed until six months after plaintiff retired, after being told by his doctor that he had to retire because permanently disabled by detergent inhalation. However, plaintiff did immediately notify the employer's insurance department of his retirement because of disability, and the employer began payment of a 26-week benefit for disability not work-connected.
The employer's form, filled in by plaintiff's doctor, had a "Workmen's Compensation" space, to be answered yes, no, or possibly; but none of these was checked. The self-insured employer's election to treat the unquestioned disability (from "chronic lung disease, emphysema, chronic bronchitis") as unrelated to work was to the employer's advantage, because it would result in payment of $85 weekly for 26 weeks rather than $49 for 500 weeks. The employer's officer's testimony that he spoke with plaintiff's first treating physician is not altogether clear as to time. That conversation may have been immediately after learning plaintiff had retained counsel (apparently just past four months after disability retirement), at which time the $85 payment was cut off on the theory the disability was at least possibly work-related. However, if the employer spoke with that physician at the time of the notice, the physician presumably indicated, as he did in court, his initial and constant and definite conclusion that disability was from inhaling detergent spray at work. Thus the employer would have had detailed notice very shortly after the disability. If the employer simply elected on its own to pay the cheaper non-compensation benefit, without getting the information from the doctor the employer's own form called for, then the employer has embraced rather than dispelled arguable ignorance about possible or probable job-causation. The possibility of job-causation of this employee's disability from lung problems was relatively evident, since he worked in an area filled with detergent spray and near sandblasting. We hold that the notice of disability under the circumstances met the requirement of R.S. 23:1031.1, subd. D.
On the merits, the evidence strongly preponderates that continued exposure to a spray of diluted detergent caused the disabling lung conditions. Plaintiff was a "tank tester", in whose work a solution of an ordinary liquid detergent was sprayed over metal surfaces (against whose other side air pressure was applied) to detect leaks, which plaintiff and his co-workers would then repair. However, plaintiff also smoked cigarettes, about 20 a day for 33 years. Smoking may occasion bronchitis and emphysema. Nevertheless, the testimony is that plaintiff did not have the symptoms of these diseases, prior to his year and a half exposure to the detergent spray.
The detergent did contain compounds of phosphorus, sulphur, and metals, included in R.S. 23:1031.1, subd. B(1)(c) and (g). From these compounds the disabling poisoning resulted.
We need not consider the silicosis questions.
The judgment is affirmed.